OPINION
Defendant-appellant, Anthony Pardon, appeals from the October 13, 1999 judgment of the Franklin County Court of Common Pleas classifying him as a sexual predator pursuant to R.C.2950.09. For the reasons that follow, we affirm the judgment of the trial court.
On March 10, 1982, appellant pled guilty to attempted murder in violation of R.C. 2923.02 as it relates to R.C. 2903.02, aggravated robbery in violation of R.C. 2911.01, and rape in violation of R.C. 2907.02. The trial court sentenced appellant to a term of imprisonment on each count of five to twenty-five years to be served concurrently.
The charges arose from an incident that occurred on November 13, 1981. Appellant, who was seventeen at the time, was a friend of the victim's daughter, and had been at her home before school that morning. Both juveniles left, but appellant returned and asked to use the telephone. After he had finished his call, the victim asked him to leave. Appellant produced a knife and took the victim to a bedroom where he raped her. Appellant then took the victim's purse, keys and money, tied her hands and feet, covered her face and mouth with a scarf, and carried her out the rear door where he placed her in the trunk of her car. Appellant drove the victim to a location near the Valley Dale Ballroom. He untied the victim's feet, made her walk to the river, and pushed her into the river. As the victim struggled, appellant entered the water and forced her head under the water. The victim was rescued by Columbus firefighters who had been summoned by Mike Peppe, the manager of the Valley Dale Ballroom. Appellant was arrested later that day and confessed.
Appellant had an extensive juvenile record, the most pertinent of his offenses being an adjudication as a delinquent minor on January 18, 1980, for the offense of rape. Appellant was found to have engaged in sexual conduct with Abdulah Ali, age nine months.
On August 4, 1999, the trial court conducted a sexual predator hearing. The state introduced the indictment, the guilty plea form, and the judgment entry. A presentence investigation, and twenty-one pages of documents relating to prior proceedings in juvenile court were admitted over the objection of the defense. The trial court continued the hearing until September 16, 1999, to permit appellant to gather additional information that he wanted to present to the court.
At the second hearing, defense counsel informed the trial court that appellant had not brought the documents with him, but that he had a motion that he wished to raise personally. The trial court permitted appellant to address the court, and appellant asked that another judge hear his case. The request was denied, and the matter was taken under advisement without argument.
On October 8, 1999, the trial court rendered its decision finding appellant to be a sexual predator. Applying the factors set forth in R.C. 2950.09(B)(2), the trial court found that, while appellant was seventeen at the time he committed the offense for which he is currently imprisoned, he had also committed a prior rape. The trial court also found that appellant intended to murder the victim after the rape, that he caused serious physical harm to the victim, and that he displayed cruelty and/or made one or more threats of cruelty to the victim. The entry was journalized on October 13, 1999.
On appeal, appellant has assigned as error the following:
 The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
Appellant argues that the state, electing to proceed on nothing more than the documents from appellant's past convictions, failed to prove by clear and convincing evidence that appellant was "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Though the circumstances of the crime may reflect cruelty, and the prior juvenile adjudication is troubling, appellant contends that the error in this case lies in the staleness of the information before the trial court. Appellant points out that he was only seventeen at the time of the rape for which he is currently imprisoned, and since then he has served more than seventeen years in prison, passing from adolescence to early middle age. Thus, appellant claims his present character and whatever future risk he may pose to the community remain unknown, and the state has failed to present any evidence related to future risk of his committing a sexually oriented offense.
The state responds that the indictment, guilty plea, sentencing entry, the pre-sentence investigation, and appellant's prior record all point clearly to appellant being a multiple re-offending sexual and violent offender before his incarceration. The state further argues that there was no evidence that the information in the file was stale or that appellant had changed during his imprisonment.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The state of Ohio has the burden of proving a person is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." (Emphasis sic.) Cross v. Ledford (1954), 161 Ohio St. 469, 477.
In making its determination, the trial court is to consider all relevant factors, including, but not limited to, the following specific factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct. [R.C. 2950.09(B)(2).]
As this court has stated, an appellate court, in reviewing a finding that appellant is a sexual predator, "must examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the clear and convincing standard." State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported; see, generally, State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported.
The evidence here was sufficient to support a sexual predator finding by clear and convincing evidence. Although appellant argues he has spent his entire adult life in prison and, therefore, his future propensity is unknown, a trier of fact can look at past behavior, since past behavior is often an important indicator of future propensity. State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported, at 2, citing Kansas v.Hendricks (1997), 521 U.S. 346, 358.
Specifically, appellant is a repeat sexual offender. R.C. 2950.09(B)(2)(b) designates the offender's prior criminal record regarding sexual and other offenses as a factor to consider in the propensity assessment. Appellant's prior criminal record reveals offenses including criminal trespass, criminal damaging, menacing, and rape. At the age of fifteen, appellant raped a nine-month-old child. The young age of appellant's first victim also supports the trial court's determination under R.C.2950.09(B)(2)(c). "The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct." State v. Daniels
(Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. "Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." Id.
In addition, there are facts within the underlying offense that are especially indicative of appellant's likelihood to engage in another sexually oriented offense in the future. As the trial court specifically found, appellant displayed cruelty to the victim, caused serious physical harm to the victim, and attempted to murder the victim after the rape.
Given the evidence the trial court had before it, the court did not err in finding, by clear and convincing evidence, that appellant is a sexual predator. Appellant's assignment of error is not well-taken.
For these reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and KENNEDY, JJ., concur.